# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| OSCAR DANTZLER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-2147 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 12, 17, 20 |
| | : | | |
| UNITED STATES EQUAL | : | | |
| EMPLOYMENT OPPORTUNITY | : | | |
| COMMISSION *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

| | | | |
|---|---|---|---|
| | : | | |
| OSCAR DANTZLER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-2149 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 10, 13 |
| | : | | |
| UNITED STATES EQUAL | : | | |
| EMPLOYMENT OPPORTUNITY | : | | |
| COMMISSION *et al*, | : | | |
| | : | | |
| Defendants. | : | | |

| | | | |
|---|---|---|---|
| | : | | |
| OSCAR DANTZLER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-0349 (RMU) |
| | : | | |
| v. | : | Re Document Nos. | 8, 10 |
| | : | | |
| TANGIPAHOA PARISH SHERIFF'S | : | | |
| OFFICE *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**Denying the Plaintiff's Motions for Appointment of Counsel;
Granting the Defendants' Motions to Dismiss**

## I. INTRODUCTION

These matters come before the court on the defendants'[1] respective motions to dismiss and the *pro se* plaintiff's motion to appoint counsel. The plaintiff commenced three separate but related cases in this court, each involving his 1998 dismissal from the Hammond Police Department ("HPD") in Hammond, Louisiana. The plaintiff moves the court to appoint counsel to represent him in these matters. The defendants have filed motions to dismiss each of the plaintiff's cases.[2] Because the plaintiff has not met his burden to show that appointment of counsel would be proper, the court denies the plaintiff's motion. Further, because the court concludes that the plaintiff filed these cases in contravention of an injunctive order issued by the Eastern District of Louisiana, the court dismisses the plaintiff's three cases.

---

[1]    The plaintiff has named more than 100 defendants in his three cases before this court. Those defendants that are affiliated with the federal government have collectively labeled themselves "the Federal Defendants." For ease and clarity, the court also uses the terms "Federal Defendants" and "Non-Federal" defendants.

[2]    Due to their significant factual and legal overlap, the court considers the defendants' motions simultaneously.

## II. BACKGROUND

### A. Factual Background[3]

The plaintiff, an African-American, worked as a police officer with the HPD from January 1996 until his termination in February 1998. *Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. No. 09-2147 (D.D.C. 2009), Compl. at 14. The HPD suspended the plaintiff for allegedly sleeping while on duty as a police officer, but when the HPD attempted to provide written notice to the plaintiff regarding this suspension, he refused to accept the delivery. *Id*. at 6-7. After determining that his refusal to accept notice of suspension constituted insubordination and failure to obey a direct order, the HPD terminated him. *Id*. In 1998, the plaintiff appealed to the Civil Service Board, presumably for the City of Hammond, but was denied a hearing. *Id*. at 10, 24-25.

In February 2000, the plaintiff sued the City of Hammond and the HPD in the Eastern District of Louisiana, alleging discriminatory and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, and 42 U.S.C. § 1983, respectively. *See generally Dantzler v. City of Hammond*, Civ. No. 00-446 (E.D. La. Nov. 8, 2001), Order; *see also Dantzler v. Pope*, Civ. No. 08-3777 (E.D. La. July 22, 2009), Order at 7 (providing an overview of the procedural history of the plaintiffs' various claims). In November 2001, the District Court for the Eastern District of Louisiana granted the defendants' motion for summary judgment and dismissed the plaintiff's claims with prejudice. *See Dantzler v. Pope*, Civ. No. 08-3777 (E.D. La. July 22, 2009), Order at 2. The Fifth Circuit affirmed the Eastern District of

---

[3]   Because the plaintiff does not coherently detail the procedural and factual history of the claims before this court, the court takes judicial notice of the docket filings for those cases previously litigated by the plaintiff in the Eastern District of Louisiana, the United States Court of Appeals for the Fifth Circuit, the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court.

Louisiana's ruling in November 2002, and in May 2003, the United States Supreme Court denied the plaintiff's petition for writ of certiorari. *Id*.; *see also Dantzler v. City of Hammond, La.*, 538 U.S. 1042 (2003).

In October 2003, the plaintiff filed a petition for a writ of mandamus in Louisiana state court against the City of Hammond, seeking to compel the Hammond Fire and Police Civil Service Board to hold a hearing regarding the plaintiff's termination. *See generally Dantzler v. Hammond Fire & Police Civil Serv. Bd.*, 923 So. 2d 40, 41 (La. Ct. App. 2005), *writ denied*, 924 So. 2d 1016 (La. App. 1 Cir. 2006). Applying the doctrines of laches and res judicata, the state district court denied his request and the Court of Appeal of Louisiana, First Circuit affirmed. *Id.* at 41-42.

In June 2006, the plaintiff filed a third cause of action, his second in the Eastern District of Louisiana, "alleging that the defendants had violated a federal court order in which the Hammond Civil Service Board agreed to timely hold hearings with respect to grievances of [HPD] employees." *Dantzler v. Pope*, Civ. No. 08-3777, (E.D. La. July 23, 2009), Order at 2-3 (providing a detailed overview of the procedural history of this case (citing *Dantzler v. Pope*, Civ. No. 06-2817 (E.D. La. 2006))). Judge Martin Feldman granted the defendants' motion for summary judgment and dismissed the plaintiff's action; the Fifth Circuit affirmed. *Id.*

In December 2006, the plaintiff commenced a fourth lawsuit in the Louisiana state court against the City of Hammond, its Council, the HPD, the Hammond Municipal Fire and Police Civil Service Board and several other defendants who worked for these and other organizations in both their individual and official capacity. *See generally Dantzler v. Montecino*, Civ. No. 06-10924 (E.D. La. 2006), Dec. 1, 2006 Compl. The December 2006 action was removed to the Eastern District of Louisiana, where Judge Feldman presided over the matter again. *Id.* Judge

Feldman warned the plaintiff that he should refrain from "wasting the Court's time by repeatedly filing baseless motions, followed by filing frivolous motions questioning the Court's denial of prior baseless motions." *Dantzler v. City of Hammond Councilmen*, 2007 WL 4180589, at *2-3 (E.D. La. Nov. 21, 2007). He went on to describe the plaintiff's filings as "abusive and meritless." *Id.* at *3. Eventually, this case was reassigned to Judge Lance Africk, [4] who dismissed the case after determining that the plaintiff's claims were barred by res judicata. *See generally Dantzler v. City of Hammond Councilmen*, Civ. No. 06-10924 (E.D. La. July 9, 2009), Order.

On December 14, 2007, the plaintiff filed a fifth lawsuit in the Eastern District of Louisiana, alleging wrongful termination and failure to timely conduct a civil service hearing. *Dantzler v. Pope*, Civ. No. 08-3777, (E.D. La. July 22, 2009), Order at 2-3 (citing *Dantzler v. Pope*, Civ. No. 07-9516 (E.D. La 2007)). In June 2008, the plaintiff commenced a sixth lawsuit in the Eastern District of Louisiana, alleging a conspiracy among the judiciary to conceal facts regarding his termination from HPD and his denial of a civil service hearing. *See Dantzler v. Pope*, Civ. No. 08-3777, (E.D. La. July 22, 2009), Order at 2-3 (citing *Dantzler v. Pope*, Civ. No. 08-3777 (E.D. La. 2008)). The plaintiff's seventh lawsuit, again related to his termination, alleged a conspiracy among the judiciary to violate the plaintiff's constitutional rights. *Id.* (citing *Dantlzer v. Africk*, Civ. No. 09-3703 (E.D. La. 2009)). The plaintiff's eighth lawsuit related to his termination alleged that various federal agencies and the state and federal courts of Louisiana deprived him of his due process and equal protection rights as guaranteed by the Fourteenth

---

[4]     It appears that the plaintiff additionally filed a judicial misconduct complaint against Judge Feldman which presumably caused him to recuse himself from the case. *See Dantzler v. City of Hammond Councilmen,* Civil Action No. 06-10924, Sept. 17, 2008 Order.

Amendment.  *Id.* (citing *Dantlzer v. Equal Emp't Opportunity Comm'n*, Civ. No. 09-4246 (E.D. La. 2009)).  All of these cases were assigned to Judge Lance M. Africk.  *See generally id.*

      After dismissing the plaintiff's sixth action on the basis of a failure to state a claim, Judge Africk ordered that the plaintiff refrain from filing any additional complaints or proceedings against the defendants in that case without written permission from the court.[5]  *See generally id.* (providing a detailed overview of the procedural history of this case).  On July 22, 2009, Judge Africk further "enjoined [the plaintiff] from submitting any further filings relating to [his] termination from the [HPD] unless the Court grants [him] leave to file upon a finding that his pleadings are neither frivolous nor vexatious."  *Dantzler v. Pope*, Civ. No. 08-3777 (E.D. La. July 22, 2009), Order at 7.[6]  Judge Africk described the plaintiff's lawsuits against the various parties, including the City of Hammond, HPD, individual attorneys, the Department of Justice, the Federal Bureau of Investigation, the Eastern District of Louisiana and the Fifth Circuit, as "repetitive . . . abusive, frivolous, and, to date, unending."  *Dantzler v. Pope*, Civ. No. 08-3777 (E.D. La. July 22, 2009), Order at 6.  The plaintiff subsequently appealed Judge Africk's July 22, 2009 Order, but the Fifth Circuit dismissed his appeal for want of prosecution.  *See Dantzler v. Pope*, Civ. No. 08-3777 (5th Cir. Sept. 25, 2009), Notice at 2.

---

[5]    The defendants in that case included the City of Hammond Councilmen, Debbie Pope, the City of Hammond, HPD, Hammond Municipal Force and Police Civil Service Board, Gus Fritchie III and McDonald Provosty.  *See Dantzler v. Pope*, 2009 WL 901780, at *1 (E.D. La. 2009).  The plaintiff has sued these same defendants in the cases before this court.  *See, e.g.*, *Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. No. 09-2147.

[6]    Judge Africk's injunctive order was also entered in the plaintiff's other pending cases.  *See Dantzler v. Montecino*, Civ. No. 06-10924 (E.D. La. July 22, 2009), Order; *Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. No. 09-4246 (E.D. La. July 22, 2009).

**B.  Procedural History**

Since the issuance of Judge Africk's July 2009 order, the plaintiff has commenced three actions in this courthouse.  *See generally Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. Action No. 09-2147; *Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. No. 09-2149; *Dantzler v. Tangipahoa Parish Sheriff's Office*, Civ. No. 10-0349.

The plaintiff's first suit alleges wrongful termination and racial discrimination in violation of Title VII, as well as various other claims arising from his dismissal from the HPD.[7] *See Dantzler v. Equal Emp't Opportunity Comm'n.*, Civ. No. 09-2147 (D.D.C. 2009), Compl. at 6-25.  More specifically, the plaintiff contends that the defendants violated his First and Fourteenth Amendment rights by discriminating against him both before and after his dismissal, and that the defendants denied him equal protection and due process by thwarting his opportunity to have a civil service hearing following his dismissal from the HPD.  *Id*. at 36-37.  He also claims that the HPD, the Civil Service Board, the City of Hammond's attorneys, his own prior counsel, and individuals associated with the HPD acted fraudulently and in furtherance of a conspiracy by withholding evidence relevant to his civil service hearing.  *Id*. at 9-13, 15-22, 35-36.  The plaintiff alleges that the judges and judicial officers who presided over his prior cases conspired with prior counsel and Hammond's attorneys to deny him a fair hearing.  *Id*. at 23-35.  Finally, the plaintiff's claims against some federal agencies and their respective officers stem from his unsuccessful attempts to have them investigate his conspiracy allegations, and from their purported participation in the alleged conspiracy.  *Id*. at 38-41.

---

[7]     The plaintiff's complaint and his "supplemental" complaint, which together are approximately 100 pages, do not clearly and succinctly state his claims.  *See generally Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. No. 09-2147 (D.D.C. 2009), Nov. 12, 2009 Compl.; *id.*, Jan. 25, 2010 Suppl. Compl.

In his second suit, the plaintiff has filed a petition for a writ of mandamus, seeking an order to enjoin the defendants from committing any future discrimination against the plaintiff, to overturn the prior dismissals of the plaintiff's case in the District Court for the Eastern District of Louisiana and in the Fifth Circuit and finally, to require that all of the judges who previously heard his case recuse themselves from future litigation. *Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. Action No. 09-2149 (D.D.C. 2009), Compl. at 9, 18, 20-22, 24-28. Further, the plaintiff also requests an order directing all of the federal defendants to "fulfill their statutory responsibilities" and comply with nondiscretionary ministerial regulations by investigating his allegations of conspiracy. *Id*. at 6-9. He includes among the federal defendants the Equal Employment Opportunity Commission ("EEOC"), the Department of Justice, the Federal Bureau of Investigation ("FBI"), specific FBI agents, the United States Attorney General ("Attorney General"), the United States Postal Service ("USPS"), the Postmaster General, and those judges and judicial officers who presided or were involved in his prior litigation. *Id*. Additionally, the plaintiff brings suit against the HPD and the Hammond Municipal Fire and Police Civil Service Board ("Civil Service Board"), seeking that the court order these defendants to schedule a date for a civil service hearing regarding his dismissal. *Id*. at 14-15.

Lastly, the plaintiff filed a third complaint on March 2, 2010 against his former attorneys and their firm, and against the FBI, FBI Special Agent David Welker, members of the Tangipahoa Parish Sheriff's Office, the EEOC and the Office of the United States Attorney General. *See generally Dantzler v. Tangipahoa Parish Sheriff's Office*, Civ. Action No. 10-0349 (D.D.C. 2010), Compl. The plaintiff alleges that these defendants conspired to conceal the employment discrimination and retaliation treatment that he suffered as a result of his

termination from the HPD, and thereby requests relief pursuant to, *inter alia*, Title VII, 42 U.S.C. § 1983 and 18 U.S.C. §§ 1961-68. *Id.* at 6, 10-11.

In each of the plaintiff's cases before this court, the defendants have filed motions to dismiss. *See generally Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. Action No. 09-2147, Federal Defs.' Mot. to Dismiss, Non-Federal Defs.' Mot. to Dismiss; *Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. Action No. 09-2149, Federal Defs.' Mot. to Dismiss; *Dantzler v. Tangipahoa Parish Sheriff's Office*, Civ. Action No. 10-0349, Federal Defs.' Mot. to Dismiss. The plaintiff, for his part, moves for appointment of counsel in all three actions. *See generally Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. Action No. 09-2147, Pl.'s Mot. to Appoint Counsel; *Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. Action No. 09-2149, Pl.'s Mot. to Appoint Counsel; *Dantzler v. Tangipahoa Parish Sheriff's Office*, Civ. No. 10-0349, Pl.'s Mot. to Appoint Counsel. With the parties' motions ripe for adjudication, the court now turns to the applicable legal standards and the parties' arguments.

## III.  ANALYSIS

### A.  The Court Denies the Plaintiff's Motions for Appointment of Counsel

As noted above, the plaintiff requests the appointment of counsel in the three cases pending before this court. *See id.* The defendants do not provide any response.

Under Title VII, a plaintiff may submit an application requesting that the court appoint an attorney "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1); *see also Hilliard v. Volcker*, 659 F.2d 1125, 1129 & n.26 (D.C. Cir. 1981) (noting that a Title VII plaintiff has the right to request counsel). Title VII does not, however, "create a statutory right to have counsel actually appointed." *Poindexter v. Fed. Bureau Investigation*, 737 F.2d 1173,

1183-84 (D.C. Cir. 1984).  Instead, "[t]he decision to appoint rests in the sound discretion of the trial judge."  *Id.* at 1183.  In *Poindexter v. Fed. Bureau Investigation*, the Circuit explained that a district court must consider "the following factors: (1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel."  *Id.* at 1185.

The plaintiff fails to provide the court with any information that addresses the factors articulated by the Circuit in *Poindexter*.  *See id.*  He has not, for instance, demonstrated that he is unable to afford an attorney.  *See generally Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. Action No. 09-2147, Pl.'s Mot. to Appoint Counsel; *Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. Action No. 09-2149, Pl.'s Mot. to Appoint Counsel; *Dantzler v. Tangipahoa Parish Sheriff's Office*, Civ. No. 10-0349, Pl.'s Mot. to Appoint Counsel.  Nor is this court persuaded that the plaintiff's case is meritorious; indeed, the court's review of the plaintiff's past unsuccessful actions and their factual and legal similarity to his current claims suggest otherwise.  *See, e.g.*, *Dantzler v. City of Hammond*, No. 01-31449, 2002 WL 31718505, at *1-2 (5th Cir. 2002) (per curiam) (dismissing the plaintiff's Title VII and § 1983 claims of race discrimination for failing to assert a genuine fact issue in his claim of discriminatory discharge and for failing to establish a causal link between protected activity and the adverse employment action); *Dantzler v. Pope*, No. 08-3777, 2009 WL 959505, at *2-4 (E.D. La. Apr. 3, 2009) (granting the defendants' motion for summary judgment based on res judicata, and issuing an injunction barring the plaintiff from filing any more actions against the defendants without written permission from the court, absent a showing that the suit is not frivolous or vexatious).

Additionally, the plaintiff has given no indication as to whether he has diligently searched for counsel. *See Poindexter*, 737 F.2d at 1188 (holding that the court must also consider if the plaintiff has been reasonably diligent in searching for counsel). Finally, the plaintiff's extensive history of litigation in the federal court system and his demonstrated attempts to use various procedural remedies indicate that the plaintiff is able to present his case without counsel. *Id*. at 1188-89 (noting that the court should consider the demonstrated ability of a plaintiff to present his case adequately). Accordingly, the plaintiff's request for appointment of counsel is denied.

### B.  The Court Grants the Defendants' Motions to Dismiss

### 1.  Legal Standard for Dismissal Due to an Existing Injunction Against a Vexatious and Abusive Litigant

It is "well settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). "Such a remedy may be granted upon a showing of 'a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.'" *Sassower v. Barr*, 1992 WL 133163, at *2 (D.D.C. Jan. 9, 1992), *aff'd*, 986 F.2d 546 (D.C. Cir. 1993) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1306-09 (D.C. Cir. 1981)). In "fashioning a remedy to stem the flow of frivolous actions," the court, however, "must take great care not to 'unduly impair[ ] [a litigant's] constitutional right of access to the courts.'" *Urban*, 768 F.2d at 1500; *Kaempfer v. Brown*, 1989 WL 45103, at *1 (D.C. Cir. 1989). Thus, as a "strong and sound response to litigants who abuse the judicial process through repetitive filings," the Circuit has allowed the district court to enjoin an abusive and vexatious litigant from repeatedly filing actions related to the same issue or parties without first obtaining the court's permission. *In re Green*, 669 F.2d 779, 782 (D.C. Cir. 1981).

Additionally, "[a] court may dismiss a complaint filed by a vexatious litigant [that violates] an injunctive order entered by another court." *Stich v. United States*, 1991 WL 150218, at *1 (S.D.N.Y. July 31, 1991) (dismissing three complaints in the Southern District of New York because the plaintiff's filings had violated an injunctive order entered by the Northern District of California); *see also Martin-Trigona v. United States*, 779 F.2d 72, 74 (D.C. Cir. 1985) (affirming the dismissal of a case in the District Court for the District of Columbia because the plaintiff violated the District of Connecticut's order enjoining the plaintiff from filing without leave of the court any action against any person or entity connected with his ongoing bankruptcy proceeding); *Sassower v. Thornburgh*, Civ. No. 89-2214 (D.D.C. Dec. 28, 1989) (Memorandum & Order) (dismissing the plaintiff's case because, *inter alia*, the suit violated an injunction issued by the Southern District of New York that barred the plaintiff from filing suit without leave of the court). A litigant should not be allowed to intentionally circumvent the spirit and intent of an injunction barring future filings by simply filing a new complaint in another court or jurisdiction. *See, e.g.*, *Whitehead v. Twentieth Century Fox Film Corp.*, 2005 WL 3275905, at *1 (D.D.C. Aug. 29, 2005) (dismissing the plaintiff's claim that was brought in the Superior Court of the District of Columbia because even as the plaintiff knew his copyright claim could only be brought in federal court, he filed in state court to avoid a prior injunction issued in the District Court for the District of Columbia, thereby violating the "intent and spirit" of the injunctive order); *Jemzura v. Mikoll*, 2001 WL 1217227, at *3 (N.D.N.Y. Sept. 4, 2001).

### 2. Judge Africk's Order Enjoined the Plaintiff From Filing New Suits Related To His Termination from the HPD

The non-Federal defendants argue in their motion to dismiss that the actions before this court were commenced by the plaintiff in direct violation of Judge Africk's July 22, 2009 order,

which, as noted, enjoined the plaintiff from filing suits related to his termination from the HPD.[8]
*See Dantzler v. Equal Emp't Opportunity Comm'n*, Civ. No. 09-2147, non-Federal Defs.' Mot. to
Dismiss at 9-10. These defendants urge the court to enforce Judge Africk's injunction and
dismiss the plaintiff's cases. *Id*. The plaintiff acknowledges that his suits contravene Judge
Africk's order, but suggests that the order should not apply because it was issued by the Eastern
District of Louisiana. Pl.'s Opp'n at 19.

Judge Africk's July 22, 2009 order "enjoined [the plaintiff] from submitting any further
filings relating to [his] termination from the [HPD] unless the Court grants [him] leave to file
upon a finding that his pleadings are neither frivolous nor vexatious." *Dantzler v. Pope*, Civ. No.
08-3777 (E.D. La. July 22, 2009), Order at 7. This is precisely the type of "strong and sound
response" that the Circuit has adopted to deal with abusive filers: Judge Africk's order is limited
to filings pertaining to the plaintiff's termination from the HPD and does not completely bar
filing but rather requires the plaintiff to obtain leave prior to filing. *See In re Green*, 669 F.2d at
782.

Notwithstanding Judge Africk's injunctive order, the plaintiff has filed three cases in this
court, all of which arise from his termination from the HPD. *See supra* Part II.B. The plaintiff
concedes that he neither sought the court's permission to file these actions nor received a court's
determination that his pleadings were non-frivolous or not vexatious. *See* Pl.'s Opp'n at 19
(acknowledging that the actions before the court were filed in violation of Judge Africk's July
22, 2009 order). Moreover, the defendants in the instant cases were also named defendants in

---

[8]      Although the Federal defendants do not expressly seek dismissal based on Judge Africk's
        injunctive order, this court may *sua sponte* "dismiss as 'malicious' a complaint that [is]
        repetitious of previously decided claims." *Sassower v. Barr*, 1992 WL 133163, at *2 (D.D.C.
        Jan. 9, 1992), *aff'd*, 986 F.2d 546 (D.C. Cir. 1993) (quoting *Crisafi v. Holland*, 655 F.2d 1305,
        1306-09 (D.C. Cir. 1981)).

the plaintiff's prior cases.  *See, e.g.*, *Dantzler v. U.S. Equal Emp't Opportunity Comm'n*, Civ.

Action No. 09-4246 (E.D. La. 2010), Jan. 27, 2010 Compl. at 3-10; *Dantzler v. Pope*, Civ.

Action No. 08-3777 (E.D. La. 2009), Feb. 27, 2009 Am. Compl. at 4-13.  Additionally, the

court's review of the plaintiff's current claims and his previous claims indicate that the plaintiff's

current claims have all been previously litigated in the Louisiana courts and, as such, should be

considered abusive.  *See Sassower v. Barr*, 1992 WL 133163, at *2 (D.D.C. Jan. 9, 1992), *aff'd*,

986 F.2d 546 (D.C. Cir. 1993) (noting that a complaint that "merely repeats pending or previous

claims may be considered abusive").

Given the nearly identical nature of the claims, parties and remedies sought in the

plaintiff's prior cases before the Eastern District of Louisiana and his cases currently pending

before this court, the court determines that his cases were commenced in violation of Judge

Africk's July 22, 2009 order.  Accordingly, the court declines to expend further judicial

resources and dismisses the plaintiff's three actions.  *See Stich v. United States*, 108 F. App'x.

32, 33 n.2 (2d Cir. 2004) ("[W]e hope courts faced with injunctions limiting access to the courts

by vexatious litigants will first address the applicability vel non of such injunctions.").

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motions for appointment of

counsel, and grants the defendants' motions to dismiss this case.  An Order consistent with this

Memorandum Opinion is separately and contemporaneously issued this 16th day of September,

2011.

RICARDO M. URBINA
United States District Court Judge